Filed 10/19/2016

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA MITCHELL,<br><br>　　Defendant and Appellant. | 2d Crim. No. B269373<br>(Super. Ct. No. BA438233)<br>(Los Angeles County) |

Joshua Mitchell appeals from the judgment entered after a jury convicted him of simple assault (count 1; Pen. Code, § 240)[1], assault with a deadly weapon (scissors; count 2; § 245, subd. (a)(1)), second degree robbery with personal use of a deadly weapon (scissors; count 3; §§ 212.5; 12022, subd. (b)(1)), battery on a peace officer (count 4; § 243, subd. (b)), and criminal threats (count 5; § 422, subd. (a)). Appellant admitted two prior prison term enhancements (§ 667.5, subd. (b)) and was sentenced to six years state prison. We conclude that the trial court erred in not staying the one-year sentence on count 2 for assault with a deadly weapon (ADW) pursuant to section 654. We reverse and remand for sentencing.

---

[1] All further statutory references are to the Penal Code.

*Facts*

On the morning of July 18, 2015, appellant entered the L.A. Smoke Shop with a wood stick. The store clerk, Marawan Abdelfattah, had problems with appellant in the past and said: "Sir, you cannot be here. The owner said you're not welcome here." Appellant brandished the stick and said "F[uck] you and the owner." Appellant hit Abdelfattah on the arm, breaking the stick. Appellant then pushed over a candy display case and ran out the store laughing.

Appellant entered a second time three minutes later as Abdelfattah was picking up the candy. He grabbed one or two candy boxes and ran out the store laughing.

Appellant re-entered the store for a third time. He was not laughing this time. He had a pair of scissors. Jabbing the scissors at Abdelfattah, appellant said, "I will fuckin' kill you." Appellant pointed the scissor blades at Abdelfattah and said "Come, come, come." Abdelfattah pushed appellant outside the store and backed up to a locked, secure area inside the store. Appellant advanced with the scissors. Abdelfattah threatened to call the police, locked himself in the secure area, and pretended to call 911. Appellant grabbed two boxes of chips, said "That's what you get," and left.[2]

Appellant re-entered the store a fourth time, took four or five sodas, and ran back outside. Abdelfattah called 911 and reported that "someone tried to hit me with the scissors and . . . and just [stole] a bunch of stuff from the store."

Appellant was arrested a few blocks away from the store. He resisted arrest, fell to the ground, and kicked and yelled, "Fuck you. I'm not going to jail." Appellant spit on an officer and bit another officer.

---

[2] Appellant only used the scissors on the third entry.

*Section 654*

Appellant contends that the trial court erred in not staying the sentence on count 2 for ADW with scissors. Selecting count 3 (robbery) as the principle term, the trial court imposed a three-year midterm sentence plus one year for use of a deadly weapon (the scissors) (§ 12022, subd. (b)(1)) and one year on the prior prison enhancement (§ 667.5, subd. (b)). On count 2 for ADW, the trial court imposed a consecutive one year sentence (one-third the midterm). The trial court stayed the sentence on count 5 (criminal threats) and imposed concurrent sentences on count 1 (simple assault, 180 days county jail) and count 4 (battery on an officer, 364 days county jail).

Section 654 prohibits multiple punishment for a single act that violates different provisions of law. (*People v. Jones* (2012) 54 Cal.4th 350, 358; *People v. Mesa* (2012) 54 Cal.4th 191, 199 [defendant cannot be punished twice for single act even if defendant harbored multiple criminal objectives].) "'It is the singleness of the act and not of the offense that is determinative.' Thus the act of placing a bomb into an automobile to kill the owner may form the basis for a conviction of attempted murder, or assault with intent to kill, or malicious use of explosives. Insofar as only a single act is charged as the basis for the conviction, however, the defendant can be punished only once. [Citation.]" (*Neal v. State of California* (1960) 55 Cal.2d 11, 19, disapproved on other grounds in *People v. Correa* (2015) 54 Cal.3d 331, 334.)

Here the armed assault with scissors was incidental to and facilitated the armed robbery with scissors. The jury convicted appellant of robbery and found that he personally used a deadly weapon (the scissors) in the commission of the robbery. In *People v. Nunez* (2012) 210 Cal.App.4th 625, 629, we held that use of a weapon in the commission of an ADW to accomplish a robbery and taking of a vehicle, could not be separately punished. We said that "the two crimes were

committed so close in time that they were contemporaneous if not simultaneous." (*Ibid.;* compare *People v. Finney* (2012) 204 Cal.App.4th 1034, 1038.) Appellant's single act of threatening the victim with scissors satisfied the ADW weapon requirement as well as the force or fear element of the robbery. Use of the scissors also satisfied the weapon use enhancement.

The Attorney General argues that section 654 does not bar multiple punishment where the defendant commits two crimes in pursuit of two independent objectives even if they are simultaneous. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1212.) Where "single act" circumstances exist, as is the case here, the "single act" test supplants "the intent and objective test" discussed in *Neal v. State of California, supra,* 55 Cal.2d at p. 19 and *People v. Latimer, supra,* 5 Cal.4th at p. 1208. "Our case law has found multiple criminal objectives to be a predicate for multiple punishment only in circumstances that involve, or arguably involve, multiple acts. The rule does not apply where, as here . . . the multiple convictions at issue were indisputably based upon a single act." (*People v. Mesa, supra,* 54 Cal.4th at p. 199.)

The Attorney General argues that appellant assaulted Abdelfattah with the scissors and then formed the intent to rob the store. But the ADW and robbery was an indivisible transaction involving the same scissors that never left appellant's hands. Appellant assaulted Abdelfattah with the scissors, grabbed two boxes of chips, and said "That's what you get." "[T]he fact that one of the crimes may have been an afterthought does not permit multiple punishment where there is an indivisible transaction. [Citation.]" (*People v. Bauer* (1969) 1 Cal.3d 368, 377.)

It has long been recognized that where a defendant is convicted of robbery and other crimes incidental to the robbery such as assault, section 654 precludes punishment for both crimes. (See, e.g., *People v. Ridley* (1965) 63 Cal.2d 671, 677-678 [robber shot store proprietor before taking store property]; *People v. Logan* (1953) 41

4

Cal.2d 279, 290 [defendant hit victim with baseball bat before taking her purse]; *People v. Medina* (1972) 26 Cal.App.3d 809, 824 [assault was means of committing the robbery and incidental to the robbery].)

Relying on *People v. Cleveland* (2001) 87 Cal.App.4th 263, the Attorney General argues that section 654 permits multiple punishment where the assault is so "extreme and gratuitous" that it goes far beyond what was needed to accomplish the robbery. There, the defendant beat a 66-year-old feeble victim unconscious with a two-by-four piece of wood and took his Walkman radio. (*Id.*, at p. 267.) "Cleveland beat [the victim] senseless, such that the attempted murder cannot be viewed as merely incidental to the robbery." (*Id.*, at p. 272.) This is not the case here. Here there was no "extreme and gratuitous violence."

The Attorney General's reliance upon *People v. Douglas* (1995) 39 Cal.App.4th 1385 is also misplaced. There, the defendant robbed the victim and forced her to drive to another location where he raped her. The Court of Appeal concluded that multiple punishment may be imposed where the defendant commits two crimes (kidnapping for robbery and kidnapping for rape) in pursuit of two independent objectives, even if they are simultaneous. (*Id.*, at p. 1394.) Unlike *Douglas,* the ADW was not a gratuitous violent act or committed *after the robbery*. (See, e.g., *In re Chapman* (1954) 43 Cal.2d 385, 390 [assault and robbery separately punishable when robbery complete before assault]; *People v. Sandoval* (1994) 30 Cal.App.4th 1288, 1299-1300 [gratuitous violent act after attempted robbery completed, is not incidental to attempted robbery]; *People v. Coleman* (1989) 48 Cal.3d 112, 162-163 [assault not incidental to robbery when it is committed after the robbery is complete and can be attributed to separate objective].)

Section 654 allows multiple convictions arising out of a single act or indivisible course of conduct, but bars multiple punishment for those convictions. (*People v. Mesa, supra,* 54 Cal.4th at p. 195.)

Section 654, subdivision (a) states in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment . . ." which, in this case is the robbery count.

*Disposition*

The consecutive one-year sentence on count 2 for ADW is reversed and the matter is remanded for resentencing. "When a trial court resentences a defendant after reversal on appeal, it clearly has discretion to increase or decrease elements of the sentence (although there may be limits on its ability to increase the aggregate sentence). [Citation.]" (*People v. Garcia* (1995) 32 Cal.App.4th 1756, 1769.) The judgment is otherwise affirmed.

CERTIFIED FOR PUBLICATION.


YEGAN, Acting P. J.


We concur:


PERREN, J.


TANGEMAN, J.

Leslie A. Swain, Judge

Superior Court County of Los Angeles

_____

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stephanie C. Brenan, Supervising Deputy Attorney General, Charles S. Lee, Deputy Attorney General, for Plaintiff and Respondent.