Filed 1/27/21  P. v. Myers CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA L. MYERS,<br><br>    Defendant and Appellant. | 2d Crim. No. B304422<br>(Super. Ct. No. 18F-00260)<br>(San Luis Obispo County) |

Joshua L. Myers appeals a judgment following conviction of second degree robbery with a finding of personal firearm use and crime committed to benefit a criminal street gang, making criminal threats, and misdemeanor assault.  (Pen. Code, §§ 211, 12022.53, subds. (b) & (e)(1)(A), 422, 240.)[1]  We modify the sentence and order the sentence on the charge of making criminal threats stayed pursuant to section 654.  (*People v. Mitchell* (2016)

---

[1] All statutory references are to the Penal Code unless stated otherwise.

4 Cal.App.5th 349, 354 [section 654 precludes punishment for both robbery and any crime incidental to the robbery].)

## FACTUAL AND PROCEDURAL HISTORY

On December 11, 2017, Myers, his three friends, and Jose Montes Guillen were at a park in Grover Beach. Myers noticed Guillen looking at an image of Zach Quigley on his cellular telephone. Quigley, a delivery driver for a medical marijuana delivery service, held several bags of marijuana in the photograph.

Myers questioned Guillen regarding the photograph. Guillen closed his telephone but reopened it when Myers pressed what felt like a revolver against his body. (Count 4.) Myers seized the telephone and texted Quigley to meet them at a Costco parking lot. Myers informed the others that the meeting was a "set up to rob [Quigley]."

Quigley and his friend R.J. met the group at the parking lot. Guillen and Myers entered the backseat of Quigley's vehicle. Quigley exhibited the types of marijuana for sale as Guillen and Myers examined the bags of marijuana. Two of Myers's friends then left Myers's vehicle and stood near Quigley's vehicle. One of the men held a machete or sword. Quigley attempted to retrieve the marijuana that Myers held, but Myers pointed a firearm at him and said, "Let go or I'll shoot you, fool." Quigley released his hold on the marijuana bags. Guillen and Myers then fled with the marijuana. Prior to meeting Quigley, Myers had examined his firearm to be sure it was loaded. (Counts 1 and 2.)

The jury convicted Myers of second degree robbery, making criminal threats, and misdemeanor assault. (§§ 211, 422, 240.) It also found that Myers personally used a firearm during the

robbery and committed the crime to benefit a criminal street gang. (§ 12022.53, subds. (b) & (e)(1)(A).)

The trial court sentenced Myers to 13 years 8 months in prison, consisting of a three-year midterm for robbery, 10 years for the firearm enhancement, and eight months for making criminal threats. The court also imposed a 180-day term for the misdemeanor assault to be served concurrently. (§ 240.) The court imposed a $9,000 restitution fine, a $9,000 parole revocation restitution fine, an $80 court operations assessment, and a $60 criminal conviction assessment, and awarded Myers 449 days of presentence custody credit. (§§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a); Gov. Code, § 70373.)

Myers appeals and contends that section 654 requires that his eight-month consecutive term for making criminal threats be stayed. (§ 422; *People v. Mitchell*, *supra*, 4 Cal.App.5th 349, 353-354 [defendant may not be punished separately for second degree robbery and another crime (assault) based upon same act].) The Attorney General concedes.

### *DISCUSSION*

Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Section 654 prohibits multiple punishment for a single act that violates different provisions of law. (*People v. Corpening* (2016) 2 Cal.5th 307, 311; *People v. Mitchell*, *supra*, 4 Cal.App.5th 349, 352-353 [singleness of act is determinative].) The determination of a single physical act " 'might not always be easy to ascertain.' " (*Corpening*, at p. 312.)

Application of section 654 to conceded facts is a question of law that the reviewing court considers independently. (*People v. Corpening*, *supra*, 2 Cal. 5th 307, 312.) A section 654 claim is not waived by the failure to object at sentencing. (*People v. Hester* (2000) 22 Cal.4th 290, 295 [failure to apply section 654 results in an unauthorized sentence].)

Here Myers's simultaneous criminal threat of "Let go or I'll shoot you, fool" supplied the element of force or fear integral to the robbery conviction. (§ 211 [robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear"].) There is no evidence that the threat was a separate and distinct physical act; the threat was incidental to and facilitated the armed robbery of the marijuana from Quigley.

The parties agree that the consecutive term for count 2 must be reversed and the matter remanded for resentencing. (*People v. Mitchell*, *supra*, 4 Cal.App.5th 349, 355.)

The People point out that the trial court has discretion to choose the upper, middle, or lower term for the stayed count citing *People v. Cantrell* (2009) 175 Cal.App.4th 1161,1164. True enough, but here remand would be an unnecessary drain on judicial, defense, and prosecution resources. Whatever sentence the court would choose, 16 months, two years, or three years to run concurrently with the robbery, the court would be engaging in a futile exercise. Myers would not serve such a sentence because we affirmed the robbery count. The law neither does nor requires idle acts. (Civ. Code, § 3532.)

We order the sentence on the criminal threat stayed [to become permanently stayed upon serving the sentence for the robbery]. The trial court shall prepare an amended abstract of

4

judgment accordingly and forward the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


PERREN, J.


TANGEMAN, J.

Matthew G. Guerrero, Judge

Superior Court County of San Luis Obispo

_____

Adrian Dresel-Velasquez, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.