Filed 7/19/22  In re D.L. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re D.L., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B312279 (Super. Ct. No. MJ24220) (Los Angeles County) |
| THE PEOPLE, Plaintiff and Respondent, v. D.L., Defendant and Appellant. | |

D.L. appeals from the judgment entered after the juvenile court found true a petition's allegations that he had committed the following crimes:  count 2 – attempted murder with personal discharge of a firearm (Pen. Code, §§ 664, 187, subd. (a), 12022.53, subd. (c));[1] count 3 – second degree robbery with personal use of a firearm (§§ 211, 212.5, 12022.5, subd. (a)); and

---

[1] All statutory references are to the Penal Code.

count 7 – another second degree robbery during which a principal was armed with a firearm (§ 12022, subd. (a)(1)). G.T. was the victim in counts 2 and 3. Count 7 named a different victim. In an earlier, separately filed petition, the court found true an allegation that appellant had committed felony vandalism (§ 594).

At the disposition hearing on both petitions, the juvenile court ordered appellant to be "placed at Dorothy [S.] Kirby Center for a minimum of one year." The court set appellant's maximum term of confinement at 31 years, including 27 years on count 2 (attempted murder) plus a consecutive two-year term on count 3 (robbery).

Appellant contends that section 654 prohibits punishment on both counts 2 and 3 because "the facts . . . establish that [he] must have had one, single intent in carrying out" the crimes against G.T. In addition, appellant claims that the juvenile court erroneously failed to award predisposition custody credit for the time he had spent at home in an electronic monitoring program. We affirm.

*Facts Underlying Counts 2 and 3*

G.T. was working at a smoke shop. Appellant and another male entered the store. Appellant "ran fast" toward G.T. Appellant "was holding [a] firearm with his right hand brandishing the weapon." He pointed the gun at G.T.'s chest and said, "'Open the register. Give me the money.'" Appellant fired the gun. The bullet missed G.T. by about two inches.

G.T. opened the cash register, and appellant's accomplice began taking money from the register. The accomplice told appellant not to fire the gun again because G.T. had opened the register. But appellant "tried to shoot [G.T.] one more time." He

2

"pull[ed] the slide back on the gun," and a bullet was "ejected from the firearm." "[H]e reloaded the gun," pointed it at G.T.'s chest, and pulled the trigger again. G.T. saw "the gunman's finger pushing down on the trigger." But the gun "was jammed" and would not fire. G.T. heard a "clicking noise" coming from the firearm. After taking about $2,000 from the register, appellant and his accomplice left the store.

### *Section 654 Does Not Bar Punishment for Both the Attempted Murder and the Robbery of G.T.*

"Section 654 prohibits multiple punishment for a single act that violates different provisions of law." (*People v. Mitchell* (2016) 4 Cal.App.5th 349, 352.) ""Section 654 has been applied not only where there was but one 'act' in the ordinary sense . . . but also where a course of conduct violated more than one statute and the problem was whether it comprised a divisible transaction which could be punished under more than one statute within the meaning of section 654." [Citation.] [¶] Whether *a course of criminal conduct* is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.'" (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507.)

"'The question whether . . . section 654 is factually applicable to a given series of offenses is for the trial court, and the law gives the trial court broad latitude in making this determination. Its findings on this question must be upheld on appeal if there is any substantial evidence to support them.' [Citation.] . . . "We must 'view the evidence in a light most favorable to the respondent and presume in support of the

[sentencing] order the existence of every fact the trier could reasonably deduce from the evidence. . . ."''" (*People v. Tarris* (2009) 180 Cal.App.4th 612, 626-627.)

The juvenile court stated that section 654 would have applied had appellant "not pulled the trigger a second and/or third time . . . but because he . . . pulled the trigger . . . at least a second time that . . . takes it out of the 654 realm." Substantial evidence supports the juvenile court's determination. *People v. Nguyen* (1988) 204 Cal.App.3d 181 is directly on point. There, the defendant and his accomplice committed an armed robbery of a market. "While Nguyen remained at the store's till, his crime partner took the [store clerk] into a back room, relieved him of his valuables, and then forced him to lie on the floor in an obvious attempt to forestall any resistance. Only after the clerk assumed that position did Nguyen's accomplice shoot him." (*Id.* at p. 190.) The trial court imposed consecutive sentences for robbery and attempted murder. Nguyen claimed that the consecutive sentences violated section 654 "because the facts suggest the clerk was shot in order to eliminate him as a witness or to facilitate the assailants' escape." (*Nguyen,* at p. 191.) The appellate court disagreed: "This act [of shooting the clerk] constituted an example of gratuitous violence against a helpless and unresisting victim which has traditionally been viewed as not 'incidental' to robbery for purposes of Penal Code section 654." (*Id.* at p. 190.)

Here, as in *Nguyen*, G.T. was "a helpless and unresisting victim." (*Nguyen, supra,* 204 Cal.App.3d at p. 190.) He opened the cash register and permitted appellant's accomplice to take money from the register. The accomplice told appellant not to fire the gun again because G.T. was being cooperative.

4

Nevertheless, appellant reloaded the gun, pointed it at G.T.'s chest, and pulled the trigger. Appellant probably would have killed G.T. had the gun not jammed. "It is one thing to commit a criminal act in order to accomplish another; Penal Code section 654 applies there. But that section cannot, and should not, be stretched to cover gratuitous violence or other criminal acts far beyond those reasonably necessary to accomplish the original offense. Once robbers have neutralized any potential resistance by the victims, an assault or attempt to murder to facilitate a safe escape, evade prosecution, or for no reason at all, may be found by the trier of fact to have been done for an independent reason." (*Id*. at p. 191.)

Appellant claims that, in view of "a record that firmly establishes [his] lifelong history of mental health problems, and a relatively low I.Q., the facts underlying [counts 2 and 3] . . . establish that [he] must have had one, single intent in carrying out both [the robbery and the attempted murder]." But nothing in the record shows that, because of his mental health problems and low I.Q., appellant was incapable of harboring separate intents for these offenses.

*Appellant Is Not Entitled to Custody Credit for Time*
*Spent at Home While Subject to Electronic Monitoring*

The juvenile court awarded appellant credit for 575 days of predisposition custody. The People concede, "[T]he court's award . . . apparently contemplated [appellant's] physical detention time but not appellant's prior home detention" in an electronic monitoring program. Appellant "requests that [this] Court find the failure to award him electronic monitoring predisposition custody credits is an unjust reading of the juvenile law."

5

Based on *In re Lorenzo L.* (2008) 163 Cal.App.4th 1076, appellant acknowledges that "[m]inors are currently not entitled to custody credits for time spent at home on electronic monitoring." In *Lorenzo L.* "[t]he minor contend[ed] the juvenile court erred by failing to award him predispositional credit for 28 days he spent in an electronic monitoring program at his residence." (*Id.* at p. 1079.) The appellate court noted that a minor "'is entitled to credit against subsequent *physical confinement* only for earlier *physical confinement*. . . .'" (*Ibid.*) The court held, "Because the minor's electronic monitoring was not physical confinement, it does not entitle him to credit against his subsequent confinement." (*Id.* at p. 1080.) We find the reasoning of *Lorenzo L.* persuasive and decline appellant's invitation to disagree with it.

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

6

Lisa M. Strassner, Judge

Superior Court County of Los Angeles

_____

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Roberta D. Davis, David E. Madeo, Viet Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.