Filed 8/3/22  P. v. Newens CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C094163 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF06083) |
| v. | |
| JOSHUA DANIEL NEWENS, | |
| Defendant and Appellant. | |

A jury found defendant Joshua Daniel Newens guilty of two counts of robbery (Pen. Code, § 211—counts 1 & 2) [1] and four counts of criminal threats.  (§ 422, subd. (a)—counts 3-6.)  In a bifurcated proceeding, the trial court found true the enhancement allegations that defendant had suffered two prior strike convictions (§§ 667, subd. (d), 1170.12, subd. (b)) and that defendant had suffered two prior serious felony convictions.

---

[1]     Undesignated statutory references are to the Penal Code.

1

(§ 667, subd. (a).)  The trial court ultimately granted defendant's request to strike one of the prior strikes and both of the serious prior felony convictions.  It then sentenced defendant to an aggregate prison term of 13 years four months, comprised of consecutive terms of varying lengths for each of defendant's substantive offenses.

Defendant argues on appeal that reversal and remand is required because:  (1) the application of section 654 required the staying of two terms for which he received consecutive sentences, and in light of the passage of Assembly Bill No. 518 (2021-2022 Reg. Sess.), remand is required for resentencing to allow the trial court to determine which terms to stay; (2) defendant is entitled to resentencing in light of the passage of Assembly Bill No. 124 (2021-2022 Reg. Sess.) to allow defendant the benefit of changes made to section 1170; and (3) the trial court failed to conduct an ability to pay hearing before imposing "mandatory" fines and fees, in violation of the constitution  as explained in *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

The People concede that the trial court erred in failing to stay two of the criminal threats terms under former section 654 and that remand for a full resentencing is required so that the trial court may elect which terms to stay in light of legislative amendments to section 654 vesting the court with new authority.  The People further argue, and defendant accepts, that his remaining issues on appeal may be brought to the trial court's attention at the resentencing hearing on remand.  We accept the parties' concession and will remand this matter for a full resentencing hearing.[2]

---

[2]  In so doing, we note defendant may wish to focus his efforts vis-à-vis the statutory changes to section 1170 brought about by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3), rather than Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5.3), given that Senate Bill No. 567 bears the higher chapter number and thus controls over the earlier passed bill.  (Gov. Code, §§ 9510, 9605, subd. (b); *In re Thierry S*. (1977) 19 Cal.3d 727, 738-739.)

Under section 654, a defendant who violates multiple laws in a single course of action may be charged with and convicted of distinct crimes but sentenced for only one offense; sentence on the other offenses is imposed, but stayed. (*People v. Sek* (2022) 74 Cal.App.5th 657, 673; *People v. Mendoza* (2022) 74 Cal.App.5th 843, 862.) Former section 654 required the trial court to impose a sentence based on the offense with the longest prison term. (*Mendoza, supra*, at p. 862; *Sek, supra*, at p. 673.) Assembly Bill No. 518 (Stats. 2021, ch. 441, § 1) amended section 654 to "remove[ ] the requirement to impose the longest prison term" (*Sek*, at p. 673) in order "to give trial courts discretion in selecting the punished offense for conduct punishable under multiple provisions of law." (*Mendoza*, at pp. 861-862.) Section 654, subdivision (a) now provides: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." These amendments, which could result in the imposition of a shorter sentence, apply retroactively to defendant's nonfinal judgment. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379-380; *Sek*, at p. 673.)

Here, the parties agree that defendant made criminal threats against two different bank employees in furtherance of his robbing them. We concur with the parties that punishing defendant for both the criminal threats (counts 3 & 4) and the robbery counts effectuated by those criminal threats (counts 1 & 2) would run afoul of section 654's prohibition on multiple punishment.[3] (*People v. Mitchell* (2016) 4 Cal.App.5th 349, 353-354 [section 654 precludes punishment for both robbery and crimes incidental to and/or facilitating the robbery].) Moreover, we concur that it would be inappropriate for this court to stay criminal threats counts 3 and 4, as it is unclear what the trial court would do

---

[3] Here, defendant accomplished the robberies described in counts 1 and 2 by demanding money and verbally threatening that he had a bomb and was not afraid to kill everyone.

with its newfound discretion.  Accordingly, we will vacate defendant's sentence and remand this matter for the trial court to conduct a full resentencing wherein the court may consider its sentencing choices anew, including which counts to stay in light of amended section 654.  (See, e.g., *People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Jones* (2022) 79 Cal.App.5th 37, 46 [statutory changes to sections 1170, subdivision (b) and 654 warrant a full resentencing hearing].)

DISPOSITION

Defendant's sentence is vacated and the matter remanded for a full resentencing hearing consistent with this decision.  The judgment of conviction is otherwise affirmed.

      KRAUSE      , J.

We concur:

      ROBIE      , Acting P. J.

      HULL      , J.