Filed 11/15/23  P. v. Vivero CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>LUIS FRANCISCO VIVERO,<br><br>       Defendant and Appellant. | C096149<br><br>(Super. Ct. No. STK-CR-FE-2018-0015899) |

In October 2021, a jury found defendant Luis Francisco Vivero guilty of one count of attempted murder, one count of robbery, and three counts of assault with a semiautomatic firearm.  The jury also found true numerous firearm enhancements associated with these counts.  The jury determined Vivero was not guilty of the five remaining charged offenses.  On January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) went into effect altering the methodology for selecting an

appropriate triad term. (Pen. Code,[1] § 1170, subd. (b); Stats. 2021, ch. 731, § 1.3.) Four months later, on May 2, 2022, the trial court sentenced Vivero to an aggregate prison term of 15 years.

Vivero's arguments on appeal are limited to the sentence imposed. He argues the trial court abused its discretion in: (1) misunderstanding its sentencing discretion because it failed to apply the presumption in favor of the lower term (§ 1170, subd. (b)(6)) applicable after Senate Bill 567; (2) violating section 1170, subdivision (b)'s limitations on the use of aggravating factors to "aggravate" his sentence from the low term to the midterm in violation of Senate Bill 567's amendments (§ 1170, subd. (b)(2), (3), (6)); (3) utilizing aggravating factors prohibited by the dual use rule; and (4) failing to stay the robbery count as required by section 654. Finally, Vivero argues his counsel rendered ineffective assistance to the extent this court determines the first three arguments are forfeited for failure to object below.

We concur with Vivero that section 654 applies to the punishment for his conviction for robbery and assault with a firearm of the victim A.A.[2] Moreover, because the trial court has discretion in selecting which counts to stay pursuant to section 654, and in light of the trial court's failure to impose a term to stay on the attempted murder count (see *People v. Afford* (2010) 180 Cal.App.4th 1463, 1466 [court must impose and then stay sentence pursuant to § 654]), we conclude that this matter must be remanded for a full resentencing hearing (*People v. Jones* (2022) 79 Cal.App.5th 37, 46). In light of this conclusion, we need not address Vivero's remaining arguments on appeal. Nonetheless, we highlight our review has disclosed certain irregularities in the trial court's imposition

---

[1] Undesignated statutory references are to the Penal Code.

[2] This is in addition to the application of section 654 to the punishment for the attempted murder count as previously determined by the trial court and unchallenged here.

2

of the fees in this matter, which we will direct the trial court to revisit on remand. We otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Vivero was tried for three crimes committed against A.A.: attempted murder (§ 664/187, subd. (a); count 1) with an allegation that he personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), second degree robbery (§ 211; count 2) with an allegation that he personally used a firearm (§ 12022.53, subd. (b)), and assault with a semiautomatic firearm (§ 245, subd. (b); count 3) with an allegation that he personally used a firearm (§ 12022.5, subd. (a)). He was also charged with two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 4 & 5) with an allegation that he personally used a firearm (§ 12022.5, subd. (a)) against Jane Doe and John Doe. Finally, Vivero was tried for three crimes committed against E.P.: assault with a semiautomatic firearm (§ 245, subd. (b); count 6), shooting into an occupied vehicle (§ 246; count 7), and attempted murder (§ 664/187, subd. (a); count 8).

As previously described, in October 2021, the jury determined Vivero committed the charged offenses against A.A., Jane Doe, and John Doe, but found him not guilty of the offenses alleged against E.P. A detailed analysis of the evidence is not required. It is sufficient that the People presented evidence that Vivero, along with a group of other individuals, robbed a local store by physically assaulting A.A. with a bottle to the face and then kicking and punching him. Following the initial attack, A.A. sought refuge behind a freezer, where an elderly couple was also hiding. The group took money from the register, as well as other items. As the group started to leave, one of them told Vivero, who was standing guard by the door with a gun, to "shoot." Vivero then fired his gun multiple times at the freezer and fled with his cohorts. A.A. knew the individuals who attacked him, describing them as friends and customers he knew from school and the neighborhood.

3

Thereafter, at the May 2, 2022 sentencing hearing, the trial court indicated it had researched the changes in law, reviewed the sentencing memoranda of both parties, and explained the sentencing options available for each count and associated enhancements. The court then explained how it had arrived at the decision to deny probation and impose a tentative aggregate sentence of 15 years.

Thereafter, the trial court found Vivero was statutorily ineligible for probation and proceeded to pronounce his sentence. First, the court struck the 20-year enhancement (§ 12022.53, subd. (c)) on count 1 to avoid a sentence greater than 20 years (§ 1385, subd. (c)(2)(C)). Next, the court set count 3 (the § 245, subd. (b) assault on A.A.) as the principal term and imposed the midterm of six years (§ 1170, subd. (b)(1), (2)). Added to this for the gun enhancement (§ 12022.5, subd. (a)) was the midterm of four years (§ 1170.1, subd. (d)(1)-(2)). Moreover, the court incorporated its previous findings related to aggravating factors, determining they outweighed the mitigating factors.

The trial court declined to impose any sentence for the attempted murder count (§ 664/187) finding section 654 applicable. For the second degree robbery count (§ 211), the court imposed one year (one-third the midterm of three years) consecutive and struck the gun enhancement (§ 12022.53, subd. (b)) "to comply with . . . section 1170.1(d)(1) and (d)(2) because imposition of this enhancement and consecutive sentences as to the subordinate terms would result in a sentence over 20 years" (§ 1385, subd. (c)(2)(C)), as well as the prohibition against multiple enhancements in a single case (§ 1385, subd. (c)(2)(B)). For the assault with a firearm (§ 245, subd. (b)) convictions in counts 4 and 5, the court imposed two years for each (one-third the midterm of six years) for an additional four years consecutive and struck the gun enhancements (§ 12022.5, subd. (a)) related to those counts in light of section 1385's prohibition against multiple enhancements in a single case (§ 1385, subd. (c)(2)(B)).

The court awarded Vivero 1,222 actual days, plus 183 days of good time, for a total of 1,405 days of custody credit. Vivero's counsel spoke off the record with the

4

court and the People following the pronouncement of sentence, but declined to put anything on the record. The trial court also imposed only one set of the $30 criminal conviction assessment (Gov. Code, § 70373) and $40 court operations assessment (§ 1465.8) fees.[3] Finally, the court imposed a $300 restitution fine (§ 1202.4) and a stayed, matching parole revocation restitution fine (§ 1202.45). Vivero filed a notice of appeal with this court in May 2022. His opening brief was filed in March 2023, and this case was fully briefed on August 21, 2023.

## DISCUSSION

A sentence that does not comply with section 654 is unauthorized and ordinarily may be challenged on appeal regardless of whether it was preserved in the trial court. (*People v. Hester* (2000) 22 Cal.4th 290, 295.) Thus, we will address Vivero's complaint that section 654 precluded his punishment for both the robbery and assault with a firearm of A.A.[4] Having done so, we concur that section 654 applies.

As the Supreme Court explained in *People v. Harrison* (1989) 48 Cal.3d 321, 335 (*Harrison*): "It is well settled that section 654 protects against multiple punishment, not multiple conviction. [Citation.] The statute itself literally applies only where such punishment arises out of multiple statutory violations produced by the 'same act or omission.' [Citation.] However, because the statute is intended to ensure that defendant is punished 'commensurate with his culpability' [citation], its protection has been extended to cases in which there are several offenses committed during 'a course of conduct deemed to be indivisible in time.' "

---

[3] These fees should have been imposed per count of conviction, even on counts stayed pursuant to section 654. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 484.)

[4] We disagree with the People's suggestion that the trial court made an implicit determination that section 654 did not apply to the robbery count. Unlike the attempted murder, the trial court was not asked to evaluate that section's applicability to the *robbery* of A.A.

5

"It is defendant's intent and objective, not the temporal proximity of his offenses, which determine whether the transaction is indivisible. [Citations.] We have traditionally observed that if all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once. (*Neal v. State of California* (1960) 55 Cal.2d 11, 19.)" (*Harrison*, *supra*, 48 Cal.3d at p. 335.)

"If, on the other hand, defendant harbored 'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' " (*Harrison*, *supra*, 48 Cal.3d at p. 335.)

Here, there is no suggestion that Vivero's robbery of A.A. held a different intent and objective than his assault with a firearm of the same victim. Rather, the robbery was part of the same course of criminal conduct the trial court already applied section 654 to when it refused to impose a sentence for the attempted murder of the same victim. No one challenges the propriety of this decision on appeal. In the absence of any suggestion that Vivero harbored a personal animosity or any other intent than to facilitate the robbery of A.A., we agree that section 654 applies to these counts. (See, e.g., *People v. Mitchell* (2016) 4 Cal.App.5th 349, 353 [where assault with scissors was incidental to and facilitated the robbery, § 654 applied to preclude dual punishment].) "It has long been recognized that where a defendant is convicted of robbery and other crimes incidental to the robbery such as assault, section 654 precludes punishment for both crimes. (See, e.g., *People v. Ridley* (1965) 63 Cal.2d 671, 677-678 [robber shot store proprietor before taking store property]; *People v. Logan* (1953) 41 Cal.2d 279, 290 [defendant hit victim with baseball bat before taking her purse]; *People v. Medina* (1972) 26 Cal.App.3d 809, 824 [assault was means of committing the robbery and incidental to the robbery].)" (*Mitchell,* at p. 354.) The People have offered no authority establishing otherwise.

In light of this conclusion, we must remand the matter for a full resentencing hearing in order to allow the trial court to exercise its discretion under amended section 654 to select which offenses to stay. (*People v. Sek* (2022) 74 Cal.App.5th 657, 673; *People v. Mendoza* (2022) 74 Cal.App.5th 843, 861-862.) We will also direct the trial court that it must impose a sentence for each count, regardless of the application of section 654. (*People v. Afford*, *supra*, 180 Cal.App.4th at p. 1466.) The court will then elect which terms to stay pursuant to section 654.

## DISPOSITION

The matter is remanded for the trial court to conduct a full resentencing hearing in light of this court's section 654 determination and in compliance with the guidance provided herein. The court is further directed to review its calculation of the fees previously imposed in this matter to assure compliance with statutory requirements. Finally, the court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. We otherwise affirm the judgment.

/s/<br>
BOULWARE EURIE, J.

We concur:

/s/<br>
ROBIE, Acting P. J.

/s/<br>
KRAUSE, J.