Filed 12/15/23  P. v. Matthews CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>SCOTT ANTHONY MATTHEWS,<br><br>  Defendant and Appellant. | A167035<br><br>(Alameda County<br>Super. Ct. No. 21-CR-007963) |

Defendant Scott Anthony Matthews appeals from his sentence after pleading no contest to sexual assault and second degree robbery.  Defendant contends the trial court erred in imposing consecutive sentences on both counts under Penal Code[1] section 654.  The Attorney General concedes the sentencing error and agrees a full resentencing is warranted.  Because we agree with both parties that the matter must be remanded for a full resentencing, we need not reach defendant's assertions that the court also erred in imposing an upper term sentence.  We will also order the matter reassigned to a different judge on remand based on comments made by the trial court related to defendant's race during sentencing.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

# I.  BACKGROUND

We briefly summarize the facts as stated in the probation report.

On June 30, 2021, at approximately 12:30 p.m., the victim was walking to the Oakland Coliseum Bay Area Rapid Transit (BART) station.  While she was walking, the victim saw defendant.  The victim did not know defendant.  Defendant blocked her path of travel and said she could not pass unless she gave him her panties.

When she refused and asked why he was doing this, defendant responded, " 'Because I'm a violent person.' "  Defendant then lunged at her, grabbed her jacket with two hands, and took her to the ground where he prevented her from moving.  The victim grabbed defendant's hair with one hand and punched him with her other hand.  Defendant choked the victim with one hand while reaching under her dress with the other hand.  He pulled the back of the victim's thong underwear, breaking the waistband, then removed the triangular front portion of her underwear.  In the process, he digitally penetrated her labia but did not enter her vagina.

The victim used her cell phone to take pictures of defendant.  He was later arrested without incident and the victim positively identified him during a field show-up.

An information filed on October 21, 2022 charged defendant with sexual penetration by a foreign object (§ 289, subd. (a)(1)(A)) and second degree robbery (§ 211).  The information further alleged as an aggravating factor as to both counts that the crimes involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness.  (Cal. Rules of Court, rule 4.421(a)(1).)

On December 13, 2022, defendant waived his constitutional rights and entered an open plea[2] to both counts. He also admitted the crime involved great violence, great bodily harm, threat of great bodily harm, or acts disclosing a high degree of cruelty, viciousness, and callousness under California Rules of Court, rule 4.421(a)(1). He was informed that the maximum sentence was nine years and the parties stipulated to a factual basis based on the preliminary hearing transcript. On January 13, 2023, the trial court sentenced defendant to the upper term of eight years on count one, plus one-third the midterm of one year on count two, for a total sentence of nine years in state prison. Defendant timely appealed.

## II. DISCUSSION

Defendant contends the trial court should have stayed his sentence on one of the two convictions because the robbery and sexual assault were part of the same course of conduct and motivated by the same intent and objective. The Attorney General concedes the trial court erred because "[u]nder the unique facts of this case, . . . the evidence demonstrates that the sexual assault was incidental to the robbery, and it was motivated by the same intent and objective."

Section 654, subdivision (a), provides, "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." "Whether a defendant may be subjected to multiple punishment under section 654 requires a two-step inquiry, because the statutory reference to an 'act or omission' may include

---

[2] An open plea is one under which there is no promise about the nature or duration of a defendant's sentence. (*People v. Henderson* (2021) 67 Cal.App.5th 785, 788.)

3

not only a discrete physical act but also a course of conduct encompassing several acts pursued with a single objective." (*People v. Corpening* (2016) 2 Cal.5th 307, 311 (*Corpening*).)  A court first considers whether the different crimes of which the defendant was convicted "were completed by a 'single physical act.' [Citation.]  If so, the defendant may not be punished more than once for that act.  Only if [the court] conclude[s] that the case involves more than a single act—i.e., a course of conduct—do[es it] then consider whether that course of conduct reflects a single ' "intent and objective" ' or multiple intents and objectives." (*Ibid.*)

Here, defendant committed one physical act—he forcefully removed the victim's underwear and while doing so, his finger made incidental contact with her labia.  Neither the crime of robbery nor sexual assault was completed before the other.  Because a single physical act simultaneously accomplished the actus reus for both crimes, section 654 precluded multiple punishment.  (See *Corpening*, *supra*, 2 Cal.5th at pp. 313–315.)

Even if defendant's acts constitute a course of conduct, however, we agree with both parties that the evidence demonstrated defendant had only one intent—to obtain the victim's underwear.  When she refused to give them to him, he knocked her to the ground, choked her, and ripped her underwear from her body.  In doing so, he "digitally penetrated the victim's labia but did not enter her vagina."  He then fled without attempting any further sexual contact.  Thus, the digital penetration was incidental to his intent to steal her underwear rather than an independent intent to commit sexual assault.  (See *People v. Mitchell* (2016) 4 Cal.App.5th 349, 354 ["where a defendant is convicted of robbery and other crimes incidental to the robbery such as assault, section 654 precludes punishment for both crimes"]; *People v. Alvarez* (2009) 178 Cal.App.4th 999, 1006 [§ 654 applies when the sexual assault was

4

"either incidental to or the means by which another crime was accomplished"].)

Under section 654, the trial court has discretion to choose which offense will have a sentence imposed and which offense will have its sentence stayed, irrespective of which offense carries the longer term. (§ 654, subd. (a); *People v. Aguayo* (2022) 13 Cal.5th 974, 992, fn. 6.) Accordingly, we must remand for the trial court to stay one of the two sentences imposed.

Both parties assert the matter must be remanded for a full resentencing hearing and we agree. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Because we must remand for a full resentencing, we need not address defendant's argument the trial court relied on an invalid aggravating factor under the recently amended section 1170, subdivision (b)(2). As defendant acknowledges, he will have an opportunity to contest any aggravating factors on which the trial court relies in resentencing and argue for a sentence lesser than the upper term. (*Buycks,* at p. 893.)

Finally, defendant asks this court to assign him to a different judge for resentencing on remand to avoid the appearance of bias under Code of Civil Procedure section 170.1, subdivision (c) and under the California Racial Justice Act of 2020 (Stats. 2020, ch. 317, § 1; CRJA). Defendant argues that under section 745, subdivision (a)(4)(B), the court may not impose a more severe sentence based on defendant's race or ethnicity, and contends the trial court here impermissibly relied on defendant's race in imposing the maximum possible sentence.[3]

---

[3] The Legislature recently amended section 745 to allow a defendant to raise a claim under the CRJA on direct appeal based on the trial record or seek a stay of the appeal and remand to file a motion in the trial court. (See Assembly Bill No. 1118 (Reg. Sess. 2023–2024); Stats. 2023, ch. 464.) Defendant does not raise a CRJA claim directly in this appeal. In any event,

5

At sentencing in this case, the following exchange occurred between the court and defendant:

"[THE COURT]:   If I could sentence you to more time, I would.  This is horrible.  [The victim] can't even walk down the street, go to work without somebody acting a fool. [¶] And you're African-American, aren't you?

"THE DEFENDANT:    I am.

"THE COURT:    You're Black, right?

"THE DEFENDANT:    I am.

"THE COURT:    Your mama is Black, right?

"THE DEFENDANT:    She is.

"THE COURT:    She's Black.  Would you do that to your mama?

"THE DEFENDANT:    I have.

"THE COURT:    I don't feel sorry, so I'm going to sentence you to the maximum."

"At the request of a party or on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court."  (Code Civ. Proc., § 170.1, subd. (c).)  Appellate courts must exercise the power to disqualify sentencing judges "sparingly and only where the interests of justice require it." (*People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562.)

We are troubled by the trial court's comments at sentencing here, which could be read to suggest that the trial court considered defendant's race as a factor in imposing the maximum sentence in this case.  (See *People*

---

in light of our disposition remanding for a full resentencing and assigning the matter to a different judge, we need not consider the potential impact of the change in the law on this appeal.

*v. Gulbrandsen, supra,* 209 Cal.App.3d at p. 1562 ["Disqualification may be necessary where the sentence of the original judge indicates an animus inconsistent with judicial objectivity."].) Under these circumstances, we direct that, in the interests of justice, further proceedings be heard before a different trial judge. (Code Civ. Proc., § 170.1. subd. (c); see, e.g., *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1328 [appearance of bias supported reassignment of judicial officer].) Our decision to reassign the matter does not constitute a determination that the judge in this case exhibited actual bias based on the limited record before us. (See, e.g., *People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1079 [appellate court need not find actual bias and may order disqualification when necessary to dispel the appearance of bias].)

## III. DISPOSITION

The sentence is vacated and the matter is remanded to the trial court for a full resentencing. We express no opinion on how the trial court should exercise its discretion at sentencing. On remand, the presiding judge of the Alameda County Superior Court shall assign a different judge to conduct further proceedings in this case.

MARGULIES, J.[*]


WE CONCUR:


HUMES, P. J.


BANKE, J.


A167035
*People v. Matthews*

---

[*] Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.