Filed 3/15/24  P. v. Moran CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY RAMIREZ MORAN,<br><br>    Defendant and Appellant. | B319525, B323135<br><br>(Los Angeles County<br>Super. Ct. No. TA148155) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Allen Joseph Webster, Jr., Judge.  Reversed and remanded.

Patrick J. Hoynoski; California Appellate Project, Richard Lennon and Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

# I.     INTRODUCTION

Defendant Anthony Ramirez Moran appeals from a judgment of conviction following a jury trial.  He contends that: (1) the trial court erred when it imposed a concurrent sentence on one of his counts of conviction, in violation of Penal Code[1] section 654; and (2) he is entitled to the ameliorative benefits of recent changes to the sentencing laws, specifically sections 654, 1170, and 1385.  We reverse defendant's sentence and remand for resentencing.

# II.     BACKGROUND

## A.     *The Underlying Crimes*

On January 31, 2019, defendant, who was then 23 years old, was riding as a passenger in a car when he stopped Rene Montalvo and asked for the location and the time.  When Montalvo took his phone out of his pocket, defendant and another man got out of the car.  The other man started punching Montalvo and defendant shot Montalvo beneath his left arm pit.  Defendant and the other man then took Montalvo's cell phone, which Montalvo had dropped on the ground.

## B.     *Procedural History and Sentencing*

As relevant for purposes of this appeal, on July 28, 2021, the Los Angeles County District Attorney charged defendant by amended information with attempted second degree robbery

---

[1]     Further statutory references are to the Penal Code.

(§§ 664, 221, count 2) and assault with a semiautomatic firearm
(§ 245, subd. (b), count 3).[2]  The information also alleged certain
sentencing enhancements.  The jury found defendant guilty of
counts 2 and 3 and found true a personal use of a firearm
allegation and a great bodily injury allegation.  (§§ 12022.5,
subds. (a) and (d), 12022.7, subd. (a).)

On August 31, 2021, the trial court sentenced defendant to
the upper term of nine years for count 3 and added three years
for the great bodily injury allegation and four years for the
personal use of a firearm allegation, for a total sentence of 16
years in state prison.  For count 2, the court sentenced defendant
to the upper term of three years, to be served concurrently with
the sentence for count 3.  The court stayed the personal use of a
firearm allegation for count 2 pursuant to section 654.  Defendant
timely appealed.

## III.  DISCUSSION

A.    *Section 1170*

Defendant contends that because his conviction is not yet
final, he is entitled to retroactive application of Senate Bill
No. 567, which, effective January 1, 2022, made certain
ameliorative changes to section 1170, subdivision (b).  (Stats.
2021, ch. 731, § 1.3.)  Specifically, section 1170, subdivision (b)
now makes "the middle term the presumptive sentence for a term
of imprisonment unless certain circumstances exist" and creates
a "presumption in favor of a low prison term when a defendant is

---

[2]    The District Attorney also charged defendant with three
other counts, for which the jury returned verdicts of not guilty.

under 26 years of age at the time of the offense.  [Citations.]" (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038.)

The Attorney General concedes that defendant is entitled to retroactive application of Senate Bill No. 567, and we agree. (*People v. Jones* (2022) 79 Cal.App.5th 37, 45 (*Jones*).)  The parties also agree that a remand for resentencing is appropriate.

B.     *Section 654*

Defendant next contends that the trial court erred when it imposed the sentence for count 2 to run concurrently with the sentence for count 3, in violation of section 654, which prohibits the imposition of more than one sentence for the same crime. (§ 654.)  He also argues that he is entitled to resentencing under newly enacted Assembly Bill No. 518, which amended "section 654, subdivision (a) to provide, in pertinent part:  'An act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision.'  (Italics added.)  Previously, where . . . section 654 applied, the sentencing court was required to impose the sentence that 'provides for the longest potential term of imprisonment' and stay execution of the other term.  (. . . § 654, former subd. (a).)  As amended by Assembly Bill [No.] 518 . . . section 654 now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.)

4

The Attorney General concedes that the trial court erred in imposing a concurrent sentence on count 2. He also concedes that defendant is entitled to retroactive application of Assembly Bill No. 518. (See *Jones, supra*, 79 Cal.App.5th at p. 45.) The concessions are appropriate. Attempted robbery and assault of the same victim during the robbery share the same intent and thus cannot be punished separately. (*In re Henry* (1966) 65 Cal.2d 330, 331; see *People v. Mitchell* (2016) 4 Cal.App.5th 349, 354 ["It has long been recognized that where a defendant is convicted of robbery and other crimes incidental to the robbery such as assault, section 654 precludes punishment for both crimes"].) Accordingly, the court erred when it imposed a concurrent sentence on count 2. It should instead have stayed that sentence pursuant to section 654 as it existed at that time. (*People v. Dydouangphan* (2012) 211 Cal.App.4th 772, 779.)

Despite these concessions, the Attorney General maintains that a remand for the trial court to exercise its discretion under section 654, subdivision (a) is unnecessary because the record """clearly indicate[s]""" that the court would have reached the same conclusion—choosing the assault with a semiautomatic firearm conviction as the punishable offense—even if it had been aware of its discretion. We are already remanding for a full resentencing, however, so we need not attempt to decide whether the trial court would reach the same conclusion. The trial court will be able to decide for itself. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a

defendant"]; *People v. Buycks* (2018) 5 Cal.5th 857, 893; *Jones, supra*, 79 Cal.App.5th at p. 46.)[3]

## IV. DISPOSITION

The sentence is vacated and the matter remanded to the trial court for a full resentencing consistent with this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

---

[3] Defendant also contends that we should direct the trial court, on remand, "to consider the amendments to [section] 1385 in deciding whether to dismiss any or all of [defendant's sentencing] enhancements[.]" We disagree. The court is capable in the first instance of exercising its sentencing authority without any such direction.

6